IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALLAN SWARTZBERG,**

    **Plaintiff,**

vs.                                          No.   1:15-cv-661

**METLIFE AUTO & HOME, a brand of
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY AND ITS AFFILIATES,
And YET-TO-BE-IDENTIFIED EMPLOYEES/AGENTS/
CONTRACTORS OF METLIFE AUTO & HOME, a brand of
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY AND ITS AFFILIATES,**

    **Defendants.**

**NOTICE OF REMOVAL TO THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

COME NOW the Defendant, Economy Premier Assurance Company, misnamed in the Complaint as MetLife Auto and Home, ("Defendant"), by and through its attorneys of record, Butt Thornton & Baehr PC (James H. Johansen), and hereby files its Notice of Removal respectfully petitioning the Court, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, for the affirmation of removal of this action from the First Judicial District Court of Santa Fe County, State of New Mexico, to the United States District Court for the District of New Mexico on the following grounds:

1.    Plaintiff filed this civil action against Defendants in the First Judicial District Court, County of Santa Fe, State of New Mexico, Case No. D-101-CV-2015-01559.  Pursuant to

D.N.M. LR-CIV 81.1, a copy of the Complaint, along with copies of all records and proceedings are attached hereto as **Exhibit A**.

2. According to the Complaint, filed July 2, 2015, Plaintiff is a citizen and resident of the County of Santa Fe, State of New Mexico. [Complaint at ¶1].

3. Economy Premier Assurance Company is a personal lines property and casualty insurance company and is the entity that issued the insurance policy relevant in this matter. Thus, Economy Premier Assurance Company is the proper Defendant in this matter.

4. Economy Premier Assurance Company, the proper Defendant in this matter, is a foreign corporation, incorporated in the state of Illinois with its principal place of business in the state of Illinois, thus Economy Premier Assurance Company is a citizen of the state of Illinois for the purposes of diversity citizenship under 28 U.S.C. § 1332.

5. MetLife Auto and Home is a brand name of Metropolitan Property and Casualty Insurance Company, and not a legal entity, and thus has no principal place of business or state of incorporation.

6. Metropolitan Property and Casualty Insurance Company, which is not a properly named Defendant in this matter, is a foreign corporation, incorporated in the state of Rhode Island with its principal place of business in the state of Rhode Island, thus Metropolitan Property and Casualty Insurance Company is a citizen of the state of Rhode Island for purposes of diversity of citizenship under 28 U.S.C § 1332.

7. "Yet-to-be-identified employees/agents/contractors of MetLife" defendants are to be disregarded for diversity purposes, pursuant to 28 U.S.C. § 1441(b).

8. Complete diversity of citizenship exists between Plaintiff and Defendant.

9.  The Complaint alleges eight counts against Defendants, including (1) bad faith breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) insurance bad faith; (4) intentional infliction of emotional distress; (5) violations of the New Mexico Unfair Insurance Practices Act and the New Mexico Unfair Trade Practices Act, NMSA 1978, §§ 57-12-1, et seq and NMSA 1978 § 59A-16-20; (6) intentional interference with contract; (7) negligent hiring, training, supervision and retention and breach of fiduciary duty; and (8) civil conspiracy. [Complaint at ¶¶12-37].

10. Plaintiff's claims purportedly arise out of the uninsured/underinsured motorist ("UM/UIM") coverage provisions in the automobile insurance agreement between Defendant MetLife Auto and Home and Plaintiff. [Complaint at ¶¶6-11].

11. Plaintiff alleges that Defendants did not promptly and reasonably settle Plaintiff's UIM claim. [Complaint ¶6].

12. Although Defendant does not admit that Plaintiff has been damaged in any amount as the result of the actions of Defendants, the amount in controversy of Plaintiff's claim exceeds $75,000.00. In a letter dated May 4, 2015, to GEICO, Plaintiff asserted damages of $449,365.33. Additionally, on July 14, 2015, Plaintiff offered to settle the claims asserted in his Complaint for $395,000.00.

13. Plaintiff's Complaint is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and which is removable by Defendants under the provisions of 28 U.S.C. §1441 in that:

    a.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

    b.  The matter in controversy is between citizens of different states.

14. This Notice of Removal was filed with this Court within thirty (30) days after Plaintiff's Complaint was filed, although Defendants have not yet been served with a summons.

15. Defendant, immediately upon the filing of this original Notice of Removal, gave written notice of the filing as required by 28 U.S.C. §1446 (D) and filed a copy thereof with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, the Court from which this action is removed.

16. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, the Defendants request that the above-entitled action remain in this United States District Court for the District of New Mexico.

> Respectfully Submitted,
>
> BUTT THORNTON & BAEHR PC
>
> /s/ *James H. Johansen*
> James H. Johansen
> Amy E. Headrick
> *Attorney for Defendant, Economy Premier Assurance Company*
> P.O. Box 3170
> Albuquerque, NM  87190-3170
> Telephone:  (505) 884-0777

I hereby certify that on the 29th day of July, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by e-mail; and electronic means, as more fully reflected on the Notice of Electronic filing:

Merit Bennett
mb@thebennettlawgroup.com

/s/ *James H. Johansen*
James H. Johansen

4