1 of 1

Case 1:15-cv-00661-JCH-KK   Document 1-2   Filed 07/29/15   Page 1 of 19

Skip to Main Content Logout My Account Search Menu New Civil Probate Family Search Refine Search  Back                    Location : Santa Fe County   Images Help

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2015-01559

| | | | |
|---|---|---|---|
| **Allan L Swartzberg v. MetLife Auto & Home, et. al.** | § § § § § § | Case Type: | **Tort Auto** |
| | | Date Filed: | **07/02/2015** |
| | | Location: | **Santa Fe County** |
| | | Judicial Officer: | **Singleton, Sarah** |

## PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **MetLife Auto & Home** | |
| **Defendant** | **Yet-To-Be-Identified Employees/Agents/Contractors of Metlife Auto & Home** | |
| **Plaintiff** | **Swartzberg, Allan L** | **Merit Bennett**<br>*Retained*<br>505-983-9834(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 07/02/2015 | **Cause Of Actions** | Bad Faith (Count 3: Insurance Bad Faith (Defendant Metlife)) |
| | Action Type | Action |
| 07/02/2015 | **Cause Of Actions** | Bad Faith (Count 1: Bad Faith Breach of Contract (Defendant Metlife)) |
| | Action Type | Action |
| 07/02/2015 | **Cause Of Actions** | Breach of Contract (Count 2: Breach of the Covenant of Good Faith and Fair Dealing (Defendant Metlife)) |
| | Action Type | Action |
| 07/02/2015 | **Cause Of Actions** | Tort: Personal Injury Auto (Count 4: Intentional Infliction of Emotional Distress (All Defendants)) |
| | Action Type | Action |
| 07/02/2015 | **Cause Of Actions** | Statutes, Ordinance Violations, Miscellaneous (Count 5: Violations of the New Mexico Unfair Insurance Practices Act and the New Mexico Unfair Trade Practices Act ( Defendant Metlife)) |
| | Action Type | Action |
| 07/02/2015 | **Cause Of Actions** | Contract Miscellaneous (Count 6: Intentional Interference with Contract (Defendants Yet-To-Be-Identified Individuals)) |
| | Action Type | Action |
| 07/02/2015 | **Cause Of Actions** | Other (Count 7: Negligent Hiring, Training, Supervision and Retention and Breach of Fiduciary Duty (defendant Metlife)) |
| | Action Type | Action |
| 07/02/2015 | **Cause Of Actions** | Other (Count 8: Civil Conspiracy (All Defendants)) |
| | Action Type | Action |
| 07/02/2015 | **OPN: COMPLAINT** | |
| | *COMPLAINT FOR BAD FAITH BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INSURANCE BAD FAITH, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATIONS OF THE NEW MEXICO UNFAIR INSURANCE PRACTICES ACT AND THE NEW MEXICO UNFAIR TRADE PRACTICES ACT, INTENTIONAL INTERFERENCE WITH CONTRACT, CONSPIRACY, NEGLIGENCE AND BREACH OF FIDUCIARY DUTY, TREBLE DAMAGES, PUNITIVE DAMAGES AND STATUTORY ATTORNEY'S FEES* | |
| 07/02/2015 | **JURY DEMAND 6 PERSON** | |
| | *Jury Demand* | |
| 07/06/2015 | **JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE** | |
| | *PEREMPTORY CHALLENGE TO DISQUALIFY* | |
| 07/06/2015 | **NTC: OF NON-AVAILABILITY** | |
| | *NOTICE OF NON-AVAILABILITY* | |
| 07/08/2015 | **SUMMONS ISSUED** | |
| | *Issuance of Summons to METLIFE AUTO & HOME* | |

## FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Swartzberg, Allan L | | |
| Total Financial Assessment | | 282.00 |
| Total Payments and Credits | | 282.00 |
| **Balance Due as of 07/29/2015** | | **0.00** |
| 07/06/2015 | Transaction Assessment | 282.00 |
| 07/06/2015 | File & Serve Payment   Receipt # SFED-2015-7015   Swartzberg, Allan L | (282.00) |

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/2/2015 5:21:15 PM
STEPHEN T. PACHECO
Avalita Kaltenbach

STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE

ALLAN SWARTZBERG,

    Plaintiff,

against                                                 Case No.: D-101-CV-2015-01559

**METLIFE AUTO & HOME, a brand of METROPOLITAN
PROPERTY AND CASUALTY INSURANCE COMPANY
AND ITS AFFILIATES, and YET-TO-BE-IDENTIFIED
EMPLOYEES/AGENTS/CONTRACTORS OF METLIFE
AUTO & HOME, a brand of METROPOLITAN PROPERTY
AND CASUALTY INSURANCE COMPANY AND ITS
AFFILIATES,**

    Defendants.

**COMPLAINT FOR BAD FAITH BREACH OF CONTRACT, BREACH OF THE
COVENANT OF GOOD FAITH AND FAIR DEALING, INSURANCE BAD FAITH,
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATIONS OF THE
NEW MEXICO UNFAIR INSURANCE PRACTICES ACT AND THE NEW MEXICO
UNFAIR TRADE PRACTICES ACT, INTENTIONAL INTERFERENCE WITH
CONTRACT, CONSPIRACY, NEGLIGENCE AND BREACH OF FIDUCIARY DUTY,
TREBLE DAMAGES, PUNITIVE DAMAGES AND STATUTORY ATTORNEY'S FEES**

    **COMES NOW** Plaintiff Allan Swartzberg, by and through his counsel, Merit Bennett of The Bennett Law Group, LLC, and, for his complaint against Defendants state as follows:

    1.    Plaintiff Allan Swartzberg (hereinafter "Mr. Swartzberg") is a resident of Santa Fe County, New Mexico.

    2.    Defendant MetLife Auto & Home, a brand of Metropolitan Property and Casualty Insurance Company and its affiliates, (hereinafter "MetLife" or "Corporate Defendant") is an insurance company domiciled in the State of New York and doing business in the State of New Mexico, which Defendant is the insurer of Mr. Swartzberg pursuant to an automobile insurance policy (hereinafter the "policy") issued in New Mexico and providing underinsured motorist

# EXHIBIT A

coverage to Mr. Swartzberg. A copy of the Declarations Page of the policy is attached hereto and incorporated herein as **Exhibit A**.

3. "Yet-to-be-identified employees/agents/contractors of MetLife" are other employees/agents/contractors or attorneys of MetLife who have participated in the wrongful denial of Mr. Swartzberg's insurance benefits and who are yet to be identified through investigation and discovery.

4. All of the Defendants are also hereinafter collectively referred to as "MetLife."

5. On or about May 30, 2012, in Santa Fe County, New Mexico, Mr. Swartzberg was injured in a motor vehicle collision. This collision proximately caused Mr. Swartzberg to suffer bodily injury, pain and suffering, permanent physical and psychological impairment, emotional distress, loss of income, loss of enjoyment of life and other actual, consequential past and future damages (hereinafter collectively the "damages"). Mr. Swartzberg settled with the tortfeasor's insurance carrier, GEICO, for an agreed-upon amount, and MetLife sanctioned the settlement and permitted Mr. Swartzberg to assert an underinsured motorist ("UIM") claim pursuant to his policy with MetLife.

6. Mr. Swartzberg then made demand upon MetLife for payment of his UIM policy coverage, yet MetLife refused to promptly and reasonably settle Mr. Swartzberg's claim, thereby breaching its contract of insurance with him, breaching its statutory and common law duties of good faith owed to him and causing him to suffer consequential harm.

7. MetLife's refusal to promptly and fully honor its contractual obligations to Mr. Swartzberg was also unreasonable and in bad faith and in breach of the covenant of good faith and fair dealing implied in the subject policy of insurance with MetLife, and such refusal is also in

# EXHIBIT A

violation of New Mexico public policy and New Mexico statutory and case law providing for redress against insurance companies for refusing in bad faith to settle their insureds' underinsured motorist coverage claims reasonably and in good faith. MetLife is therefore now liable to Mr. Swartzberg for payment of the limits of his underinsured motorist coverage, as well as for compensation for his other consequential damages stemming from MetLife's misconduct and for additional punitive damages for MetLife's bad faith refusal to promptly and reasonably settle his underinsured motorist claim.

8. MetLife's refusal to promptly and reasonably settle Mr. Swartzberg's underinsured motorist claim in good faith, forcing Mr. Swartzberg to commence litigation to enforce his policy benefit, is also in violation of the New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-1, *et seq.*, and in violation of the provisions of the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A-16-20.

9. The foregoing misconduct was reckless and/or deliberate, engaged in knowing that Mr. Swartzberg would likely suffer severe and extreme emotional distress, and Mr. Swartzberg has, in fact, suffered such distress.

10. In addition to recovery of the applicable limits of the policy's coverage, treble damages pursuant to the New Mexico Unfair Trade Practices Act, damages for emotional distress and punitive damages, Mr. Swartzberg is entitled to recover from MetLife statutory attorney's fees, expenses and costs incurred in the pursuit of this litigation.

11. By refusing to promptly and reasonably resolve Mr. Swartzberg's underinsured motorist claim, MetLife, by and through its claims adjusters and/or other agents, contractors or representatives, intended to act and/or acted or failed to act in reckless disregard for the

# EXHIBIT A

consequences of its/their acts and omissions, which acts and/or failures to act caused Mr. Swartzberg to suffer severe and extreme emotional distress because he has been denied his contractual coverage benefits which were specifically agreed by MetLife to be available to fairly compensate him for his physical and psychological injuries, permanent impairment, prospective financial loss and/or emotional suffering, illegally forcing him to institute costly, lengthy and stressful litigation to obtain his insurance policy entitlement.

**COUNT I**
**BAD FAITH BREACH OF CONTRACT**
**(DEFENDANT METLIFE)**

12. Mr. Swartzberg incorporates paragraphs 1-11 above by reference thereto.

13. MetLife breached the terms of the policy by failing to promptly and reasonably resolve and pay Mr. Swartzberg's underinsured motorist claim, despite his full payment of all of the premiums due for such policy coverage throughout many years.

14. MetLife's breach of such contract was accomplished in bad faith and/or with reckless disregard for Mr. Swartzberg's rights and feelings, entitling him to recover from MetLife, in addition to payment of the underinsured motorist coverage policy limits and consequential damages, an award of punitive damages.

**WHEREFORE**, on Count I, Mr. Swartzberg prays for judgment against MetLife for his actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

# EXHIBIT A

## COUNT II
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (DEFENDANT METLIFE)

15. Mr. Swartzberg incorporates paragraphs 1-14 above by reference thereto.

16. Implied in the policy is a covenant of good faith and fair dealing requiring MetLife to at all times deal with its insured, Mr. Swartzberg, with respect to the settlement of his UIM claim.

17. MetLife breached said covenant, and said breach has caused Mr. Swartzberg to suffer harm.

18. MetLife's breach of such contract was accomplished in bad faith and/or with reckless disregard for Mr. Swartzberg's rights and feelings, entitling him to recover from MetLife, in addition to payment of the underinsured motorist coverage policy limits and consequential damages, an award of punitive damages.

**WHEREFORE**, on Count II, Mr. Swartzberg prays for judgment against all Defendants, jointly and/or severally, for his actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT III
### INSURANCE BAD FAITH
### (DEFENDANT METLIFE)

19. Mr. Swartzberg incorporates paragraphs 1-18 above by reference thereto.

20. New Mexico law requires insurance companies, and their agents, to deal with their insureds in good faith and to promptly and reasonably resolve their valid insurance claims, owing their insureds a fiduciary duty to do so.

5

# EXHIBIT A

21. Defendants breached such fiduciary duty to Mr. Swartzberg in violation of New Mexico law by perpetrating their misconduct set forth herein, and Mr. Swartzberg is therefore entitled to all allowable damages, to include, but not limited to, payment of his underinsured motorist coverage policy limits, his other consequential damages and an additional amount for punitive damages.

**WHEREFORE**, on Count III, Mr. Swartzberg prays for judgment against all Defendants, jointly and/or severally, for his actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(ALL DEFENDANTS)**

22. Mr. Swartzberg incorporates paragraphs 1-21 above by reference thereto.

23. Defendants deliberately and/or maliciously intended, and/or acted in reckless disregard for, the consequences of their acts and/or omissions set forth herein which caused Mr. Swartzberg to suffer severe and extreme emotional distress, forcing him to institute costly, lengthy and stressful litigation to obtain his insurance policy entitlement.

24. Defendants are therefore liable to Mr. Swartzberg for all damages relating to his emotional pain and suffering caused by Defendants' deliberate and/or malicious intent and/or reckless disregard, including punitive damages in an amount to be determined by the jury.

**WHEREFORE**, on Count IV, Mr. Swartzberg prays for judgment against all Defendants, jointly and/or severally, for his actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-

**EXHIBIT A**

judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT V
## VIOLATIONS OF THE NEW MEXICO UNFAIR
## INSURANCE PRACTICES ACT AND THE NEW
## MEXICO UNFAIR TRADE PRACTICES ACT
## (DEFENDANT METLIFE)

25. Mr. Swartzberg incorporates paragraphs 1-24 above by reference thereto.

26. MetLife's misconduct as described herein is in violation of the New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-1, *et seq.*, as well as in violation of the provisions of the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A-16-20. In addition to recovery of the available limits of underinsured motorist coverage, Mr. Swartzberg is entitled to recover from MetLife treble damages (pursuant to the New Mexico Unfair Trade Practices Act), punitive damages and his attorney's fees, expenses and costs incurred in the pursuit of this litigation.

**WHEREFORE**, on Count V, Mr. Swartzberg prays for judgment against MetLife for his actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT VI
## INTENTIONAL INTERFERENCE WITH CONTRACT
## (DEFENDANTS YET-TO-BE-IDENTIFIED INDIVIDUALS)

27. Mr. Swartzberg incorporates paragraphs 1-26 above by reference thereto.

28. Yet-to-be-identified employees/agents/contractors of MetLife owed Mr. Swartzberg a duty to not manipulate or deal with him with a total disregard for his emotional state or physical condition nor to evaluate his claim unfairly and in bad faith (nor to participate in such misconduct committed by other MetLife employee(s) and/or agent(s)), thereby causing or permitting Ms.

# EXHIBIT A

Washington's employer, MetLife, to fail to honor its insurance contract with Mr. Swartzberg. Such MetLife employees/agents/contractors yet to be identified nevertheless breached said duty by intentionally interfering with Mr. Swartzberg's contractual and statutory rights to have his underinsured motorist claim evaluated in good faith so that it could be resolved fairly without forcing him to institute litigation to obtain his rightful benefits at great cost, delay and emotional suffering.

29. Such MetLife employees/agents/contractors yet to be named is/are therefore individually liable to Mr. Swartzberg for his actual and consequential damages resulting from Defendants' misconduct and is/are also individually liable to Mr. Swartzberg for additional punitive damages in an amount to be determined by the jury.

**WHEREFORE**, on Count VI, Mr. Swartzberg prays for judgment against such defendants yet to be identified, for his actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

### COUNT VII
### NEGLIGENT HIRING, TRAINING, SUPERVISION
### AND RETENTION AND BREACH OF FIDUCIARY DUTY
### (DEFENDANT METLIFE)

30. Mr. Swartzberg incorporates paragraphs 1-29 above by reference thereto.

31. At all times relevant herein, MetLife, as Mr. Swartzberg's insurer, owed Mr. Swartzberg a fiduciary duty and a duty of due care to hire, train, supervise and retain only those employees who would analyze, evaluate and treat him, his injuries and his underinsured motorist claim fairly and with due consideration, resolving any doubts in favor of MetLife's insured.

# EXHIBIT A

32. MetLife has breached one or more of such duties (of due care and of fiduciary responsibility) owed to Mr. Swartzberg, which breaches of duty have proximately caused him to suffer harm, including actual and consequential damages resulting from the improper assessment and valuation of his underinsured motorist claim and including damages for severe and extreme emotional distress.

33. Such breaches of duties were accomplished by MetLife negligently, recklessly and/or with malice or bad faith, entitling Mr. Swartzberg to recover from MetLife, in addition to the limits of the underinsured motorist coverage, an additional amount for punitive damages.

**WHEREFORE**, Mr. Swartzberg prays for judgment on Count VII against MetLife for his actual and consequential damages, for treble damages and statutory attorneys' fees against the corporate Defendants, for punitive damages against all Defendants, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

### COUNT VIII
### CIVIL CONSPIRACY
### (ALL DEFENDANTS)

34. Mr. Swartzberg incorporates paragraphs 1-33 above by reference thereto.

35. Each of the Defendants conspired with and agreed with one or more of the other Defendants to defraud Mr. Swartzberg or otherwise cause his underinsured motorist claim to be undervalued and/or its payment delayed, each by committing one or more of the overt acts set forth above in furtherance of the conspiracy.

36. Such conspiracy was accomplished with the intent to harm Mr. Swartzberg and deprive him of the benefit of his contract of insurance (the policy) with MetLife, and Mr. Swartzberg has consequently suffered such harm as described herein.

9

# EXHIBIT A

37. Because such conspiracy was accomplished deliberately, maliciously and/or with a reckless disregard for Mr. Swartzberg's contractual and legal rights, as well as for his emotional well-being, Mr. Swartzberg is entitled to recover from all Defendants, jointly and severally, punitive damages in an amount sufficient to punish Defendants and/or to deter others who would contemplate similar egregious misconduct.

**WHEREFORE**, on Count VIII, Mr. Swartzberg prays for judgment against all Defendants, jointly and/or severally, for his actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

Respectfully submitted,

THE BENNETT LAW GROUP LLC


By  */s/ Merit Bennett*
   Merit Bennett, Esq.
   460 Saint Michael's Drive, Suite 703
   Santa Fe, New Mexico  87505
   (505) 983-9834
   *Attorney for Plaintiff*

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/2/2015 5:21:15 PM
STEPHEN T. PACHECO
Avalita Kaltenbach

STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE

ALLAN SWARTZBERG,

    Plaintiff,

against                                   Case No.: D-101-CV-2015-01559

**METLIFE AUTO & HOME, a brand of METROPOLITAN
PROPERTY AND CASUALTY INSURANCE COMPANY
AND ITS AFFILIATES, and YET-TO-BE-IDENTIFIED
EMPLOYEES/AGENTS/CONTRACTORS OF METLIFE
AUTO & HOME, a brand of METROPOLITAN PROPERTY
AND CASUALTY INSURANCE COMPANY AND ITS
AFFILIATES,**

    Defendants.

## JURY DEMAND

Plaintiff hereby demands that all issues be tried to a jury of six (6) persons.

                                                        THE BENNETT LAW GROUP LLC

                                                        By */s/ Merit Bennett*
                                                        Merit Bennett, Esq.
                                                        460 St. Michael's Drive, Suite 703
                                                        Santa Fe, New Mexico  87505
                                                        (505) 983-9834
                                                        *Attorney for Plaintiff*

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/6/2015 11:11:25 AM
STEPHEN T. PACHECO
Rachel Vannoy

STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE

ALLAN SWARTZBERG,

    Plaintiff,

against                                     Case No.: D-101-CV-2015-01559

METLIFE AUTO & HOME, a brand of METROPOLITAN
PROPERTY AND CASUALTY INSURANCE COMPANY
AND ITS AFFILIATES, and YET-TO-BE-IDENTIFIED
EMPLOYEES/AGENTS/CONTRACTORS OF METLIFE
AUTO & HOME, a brand of METROPOLITAN PROPERTY
AND CASUALTY INSURANCE COMPANY AND ITS
AFFILIATES,

    Defendants.

## PEREMPTORY CHALLENGE TO DISQUALIFY

**COMES NOW**, Plaintiff Allan L. Swartberg, by and through his attorney, Merit Bennett of The Bennett Law Group LLC, and hereby exercises his peremptory challenge pursuant to their statutory right under Rule 1-088.1 NMRA 2004 and excuses the Honorable Sarah Singleton from presiding in this matter.

                                                         Respectfully submitted,

                                                         THE BENNETT LAW GROUP LLC

XC:LW

                                                         By _/s/Merit Bennett_____
                                                            Merit Bennett
                                                            460 St. Michael's Drive, Suite 703
                                                            Santa Fe, New Mexico 87505
                                                           (505) 983-9834
                                                           *Attorney for Plaintiff*

# EXHIBIT A

**CERTIFICATE OF SERVICE**
I hereby certify that on this 6th day of July, 2015, a true copy of the foregoing pleading was e-filed through Odyssey File & Serve, as more fully reflected on the Notice of Electronic Filing:

    <u>/s/ *Merit Bennett*</u>
    Merit Bennett, *Attorney for Plaintiff*

# EXHIBIT A

STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE

ALLAN SWARTZBERG,

  Plaintiff,

against           Case No.: D-101-CV-2015-01559

METLIFE AUTO & HOME, a brand of METROPOLITAN
PROPERTY AND CASUALTY INSURANCE COMPANY
AND ITS AFFILIATES, and YET-TO-BE-IDENTIFIED
EMPLOYEES/AGENTS/CONTRACTORS OF METLIFE
AUTO & HOME, a brand of METROPOLITAN PROPERTY
AND CASUALTY INSURANCE COMPANY AND ITS
AFFILIATES,

  Defendants.

## NOTICE OF NON-AVAILABILITY

Notice is hereby given that Merit Bennett, counsel for the Plaintiff, will be out of state and unavailable for court proceedings during the following time periods.

1. June 24, 2015, through and including July 17, 2015;

2. July 31, 2015, through and including August 17, 2015;

3. August 24, 2015, through and including August 28, 2015;

4. September 4, 2015, through and including September 22, 2015;

5. October 20, 2015, through and including October 30, 2015;

6. February 10, 2016, through and including March 31, 2016.

Counsel respectfully requests that all matters requiring appearance of Plaintiff's counsel be scheduled on dates other than during the forgoing time periods.

# EXHIBIT A

Respectfully submitted,

By  /s/ Merit Bennett
Merit Bennett
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico  87505
Telephone:  (505) 983-9834
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2015, a true copy of the foregoing pleading was e-filed through Odyssey File & Serve, as more fully reflected on the Notice of Electronic Filing:

  /s/ Merit Bennett
Merit Bennett, *Attorney for Plaintiff*

2

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/8/2015 2:52:37 PM
STEPHEN T. PACHECO
Rachel Vannoy

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County,  New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico   87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-101-CV-2015-01559<br><br>Assigned Judge:<br>Sarah M. Singleton, Division II |
| Plaintiff(s): ALLAN SWARTZBERG<br><br>v.<br><br>Defendant(s):  METLIFE AUTO & HOME, a brand of METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND ITS AFFILIATES, and YET-TO-BE-IDENTIFIED EMPLOYEES/AGENTS/CONTRACTORS OF METLIFE  AUTO & HOME, a brand of METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND ITS AFFILIATES | Defendant: METLIFE AUTO & HOME, a brand of METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND ITS AFFILIATES<br>Address: c/o New Mexico Superintendent of Insurance |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at      SANTA FE COUNTY      , New Mexico, this  8th   day of    JULY    , 20 15  .

# EXHIBIT A

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: *Rachel Vannoy*

DEPUTY CLERK

/s/ Merit Bennett
Signature of Attorney for Plaintiff
Name: Merit Bennett
Address: 460 St. Michael's Drive, Suite 703,
            Santa Fe, New Mexico 87505
Telephone No.: (505) 983-9834
Fax No.: (505) 983-9836
Email Address: mb@thebennettfirm.us

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RETURN[1]

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

**EXHIBIT A**

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# EXHIBIT A